IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **Hugo Rendon, on Behalf of Himself and on Behalf of All Others Similarly Situated,** | |
| **Plaintiff,** | **Civil Action No: 11-cv-03687** |
| v. | |
| **Hilton Worldwide, Inc.,** | **Judge Sim Lake** |
| **Defendant.** | |

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Hilton Worldwide, Inc. ("Hilton" or "Defendant") files this Answer and Affirmative Defenses to Plaintiff's Original Complaint ("Complaint").

### I.    SUMMARY

1. With regard to the allegations contained in Paragraph 1 of the Complaint, Hilton admits only that it employs banquet servers, some of which may work more than forty hours per week at times, and that the manner in which banquet employees are compensated at individual Hilton-operated properties differs by property. Hilton denies the remaining allegations contained in Paragraph 1 of the Complaint.

2. With regard to the allegations contained in Paragraph 2 of the Complaint, Hilton admits only that Plaintiff is an employee of Hilton at the Hilton Americas-Houston property. Hilton denies the remaining allegations contained in Paragraph 2 of the Complaint.

3. With regard to the allegations contained in Paragraph 3 of the Complaint, Hilton admits only that Plaintiff purports to bring this case as a collective action on behalf of himself and others similarly situated. Hilton denies that Plaintiff may maintain such an action and denies the remaining allegations contained in Paragraph 3 of the Complaint.

## II.     SUBJECT MATTER JURISDICTION AND VENUE

4.      With regard to the allegations contained in Paragraph 4 of the Complaint, Hilton admits only that this Court has jurisdiction over the subject matter, and denies the remaining allegations.

5.      Paragraph 5 of the Complaint contains legal conclusions to which no responsive pleading is required, and thus, those allegations are denied.

6.      Hilton admits that the factual basis of Plaintiff's own claim occurred in this District, but denies the remaining allegations contained in Paragraph 6 of the Complaint.

## III.    PARTIES AND PERSONAL JURISDICTION

7.      With regard to the allegations contained in Paragraph 7 of the Complaint, Hilton admits only that Plaintiff has attached what purports to be a written consent to his Complaint. Hilton lacks knowledge or information sufficient to form a belief about the truth of the allegation that Plaintiff resides in Harris County, Texas, and denies same.

8.      Hilton denies the allegations contained in Paragraph 8 of the Complaint.

9.      With regard to the allegations contained in Paragraph 9 of the Complaint, Hilton admits only that it is registered to do business in Texas and that its registered agent is located at 211 E. 7th Street, Suite 620, Austin, Texas 78701.  Hilton denies the remaining allegations contained in Paragraph 9 of the Complaint.

## IV.     FACTS

10.     With regard to the allegations contained in Paragraph 10 of the Complaint, Hilton admits only that it operates a world-wide hotel and resort business, and that some hotels providing banquet services and banquet servers who serve food and drinks.  Hilton denies the remaining allegations contained in Paragraph 10 of the Complaint.

11. With regard to the allegations contained in Paragraph 11 of the Complaint, Hilton admits only that it employs banquet servers at the Hilton Americas-Houston to, among other things, serve food and drink. Hilton denies the remaining allegations contained in Paragraph 11 of the Complaint.

12. Hilton admits that Hugo Rendon was employed as a banquet server at the Hilton Americas-Houston, but denies the remaining allegations contained in Paragraph 12 of the Complaint.

13. Hilton denies the allegations contained in Paragraph 13 of the Complaint.

14. Hilton denies the allegations contained in Paragraph 14 of the Complaint.

15. With regard to the allegations contained in Paragraph 15 of the Complaint, Hilton admits only that the quoted message is attributed to the Director of Sales at the Hilton Garden Inn Atlanta Downtown. Hilton denies the remaining allegations contained in Paragraph 15 of the Complaint.

16. With regard to the allegations contained in Paragraph 16 of the Complaint, Hilton admits only that Hilton Worldwide, Inc. was sued in 2010. Hilton denies the remaining allegations contained in Paragraph 16 of the Complaint.

17. Hilton denies the allegations contained in Paragraph 17 of the Complaint.

18. Hilton denies the allegations contained in Paragraph 18 of the Complaint.

19. Hilton denies the allegations contained in Paragraph 19 of the Complaint.

20. Hilton denies the allegations contained in Paragraph 20 of the Complaint.

21. Hilton admits only that the Plaintiff and purported class members are covered by 207(i) exemption of the FLSA and denies the remaining allegations contained in Paragraph 21 of the Complaint.

22. Hilton denies the allegations contained in Paragraph 22 of the Complaint.

23. Hilton denies the allegations contained in Paragraph 23 of the Complaint.

24. Hilton denies the allegations contained in Paragraph 24 of the Complaint.

## V.     FLSA COVERAGE

25. Paragraph 25 of the Complaint contains legal conclusions to which no responsive pleading is required, and thus, those allegations are denied.

26. Paragraph 26 of the Complaint contains legal conclusions to which no responsive pleading is required, and thus, those allegations are denied.

27. Paragraph 27 of the Complaint contains legal conclusions to which no responsive pleading is required, and thus, those allegations are denied.

28. With regard to the allegations contained in Paragraph 28 of the Complaint, Hilton admits only that its gross sales or business was in excess of $500,000, but denies the remaining allegations contained in Paragraph 28 of the Complaint.

29. Paragraph 29 of the Complaint contains legal conclusions to which no responsive pleading is required, and thus, those allegations are denied.

## VI.     COUNT ONE: VIOLATION OF 29 U.S.C. § 207

30. With regard to the allegations contained in Paragraph 30 of the Complaint, Hilton reaffirms and re-avers its prior admissions and denials in all preceding paragraphs.

31. Hilton denies the allegations contained in Paragraph 31 of the Complaint.

32. Hilton denies the allegations contained in Paragraph 32 of the Complaint.

## VII.     COUNT TWO: VIOLATION OF 29 U.S.C. § 206

33. With regard to the allegations contained in Paragraph 33 of the Complaint, Hilton reaffirms and re-avers its prior admissions and denials in all preceding paragraphs.

34. Hilton denies the allegations contained in Paragraph 34 of the Complaint.

35. Hilton denies the allegations contained in Paragraph 35 of the Complaint.

## VIII.   COLLECTIVE ACTION ALLEGATIONS

36. With regard to the allegations contained in Paragraph 36 of the Complaint, Hilton lacks knowledge or information sufficient to form a belief about the truth of the allegations that Plaintiff has actual knowledge that Class Members have also been denied overtime pay for hours worked over forty hours per workweek and have been denied pay at the federally mandated minimum wage, and denies same.  Hilton denies the remaining allegations contained in Paragraph 36 of the Complaint.

37. Hilton denies the allegations contained in Paragraph 37 of the Complaint.

38. With regard to the allegations contained in Paragraph 38, Hilton admits only that at times, some banquet servers worked in excess of forty hours per work week.  Hilton denies the remaining allegations contained in Paragraph 38 of the Complaint.

39. Hilton denies the allegations contained in Paragraph 39 of the Complaint.

40. With regard to the allegations contained in Paragraph 40 of the Complaint, Hilton admits only that some banquet servers have worked in excess of forty hours during a work week. Hilton denies the remaining allegations contained in Paragraph 40 of the Complaint.

41. Hilton denies the allegations contained in Paragraph 41 of the Complaint.

42. Hilton denies the allegations contained in Paragraph 42 of the Complaint.

43. Hilton denies the allegations contained in Paragraph 43 of the Complaint.

44. Hilton denies the allegations contained in Paragraph 44 of the Complaint.

45. Hilton denies the allegations contained in Paragraph 45 of the Complaint.

46. Hilton denies the allegations contained in Paragraph 46 of the Complaint.

47. Hilton denies the allegations contained in Paragraph 47 of the Complaint.

48. Hilton denies the allegations contained in Paragraph 48 of the Complaint.

49. Hilton denies the allegations contained in Paragraph 49 of the Complaint.

## IX. DAMAGES SOUGHT

50. Hilton denies the allegations contained in Paragraph 50 of the Complaint.

51. Hilton denies the allegations contained in Paragraph 51 of the Complaint.

52. Hilton denies the allegations contained in Paragraph 52 of the Complaint.

## X. PRAYER

53. With regard to the allegations contained in Paragraph 53 of the Complaint, Hilton admits that Plaintiff is seeking damages, but denies that Plaintiff or any other individuals are entitled to any relief, including that identified in subparagraphs (a) through (e). Hilton denies any remaining allegations contained in Paragraph 53 of the Complaint.

## XI. AFFIRMATIVE AND OTHER DEFENSES

Subject to and without waiving the above denials, Hilton alleges the following defenses and affirmative defenses:

54. Plaintiff and any putative collective action members have failed, in whole or in part, to state claims upon which relief can be granted.

55. Plaintiff's and any putative collective action members' claims are barred, in whole or in part, by the applicable statute of limitations.

56. Plaintiff's and any putative collective action members' claims are barred, in whole or in part, because of the waiver of statutory benefits or protections under collective bargaining agreements that provide alternative benefits or protections.

57. Plaintiff's and any putative collective action members' claims are barred, in whole or in part, because they failed to exhaust contractual remedies.

58. Hilton relied in good faith on written administrative regulations, orders, rulings, approvals, and/or interpretations issued by the Department of Labor's Wage and Hour Division.

59. Plaintiff is not entitled to certification under 29 U.S.C. § 216(b) because the purported collective action, as defined in the Complaint, is overly broad, patently unmanageable, and would not serve the interests of judicial economy.

60. Plaintiff is not entitled to certification under 29 U.S.C. § 216(b) because Hilton did not maintain a common plan or corporate policy affecting all members of the purported collective action, as defined in the Complaint.

61. Plaintiff's attempt to pursue this case as a collective action fails because an independent and individual analysis of Plaintiff's claims and the claim of each putative collective action member and each of Hilton's defenses is required.

62. Plaintiff's claims cannot be properly joined with the claims of any putative collective action members.

63. Some or all of the purported claims in the Complaint are barred as to such claims asserted on behalf of "similarly situated" individuals, if any, who do not give their consent in writing to become party plaintiffs and/or whose express written consent is not filed with the Court.

64. Plaintiff's and/or putative collective action members' claims are barred because the time periods for which they are claiming entitlement are *de minimis*.

65. Plaintiff's and purported putative collective action members' claims are barred to the extent that they performed duties excluded from the overtime requirements of the FLSA, including but not limited to duties compensable under 29 U.S.C. § 207(i).

66. Plaintiff's and putative collective action members' claims are barred as to all hours allegedly worked of which Hilton lacked actual or constructive knowledge.

67. This action is barred to the extent Plaintiff and putative collective action members seek recovery for time that is not compensable time under the FLSA, *i.e.* "hours worked."

68. Plaintiff's and putative collective action members' claims are barred to the extent they seek remedies beyond those provided for by the FLSA.

69. Some or all of Plaintiff's and putative collective action members' claims are barred, in whole or in part, by statutory exemptions, exclusions, exceptions, or credits, including the tip credit, under the FLSA.

70. Some or all of Plaintiff's and putative collective action members' claims are barred as to all hours during which they were engaged in activities that were preliminary or postliminary to their principal activities.

71. If Plaintiff proves that Hilton acted in violation of the FLSA, such actions were not willful, knowing, or in reckless disregard for the law, but rather were in good faith and based on reasonable belief that such actions were not in violation of the FLSA and all other applicable laws.

72. Any amount due to Plaintiff and/or purported putative collective action members should be set off by payments received from Hilton.

73. If Hilton were to be found liable for overtime pay, which Hilton expressly denies, Plaintiff and the putative collective action members would be entitled to no more than one-half their regular rate of pay for any overtime hours worked.

74. Plaintiff's claims and the putative collective action members' claims are barred in whole or in part by estoppel.

75. Because an adequate legal remedy for Plaintiff's claims exists, Plaintiff is not entitled to any equitable relief.

Hilton reserves the right to amend this Answer and add additional defenses as discovery may warrant. Any allegations in the Complaint not previously denied or admitted herein are denied in their entirety.

## XII.   CONCLUSION

76.   WHEREFORE, Defendant Hilton Worldwide, Inc. respectfully requests that this Court dismiss Plaintiff's case with prejudice, enter judgment against Plaintiff, and award Defendant any other relief deemed proper, including, but not limited to, its attorney's fees, costs, and expert witness fees.

| | |
|---|---|
| Dated: January 23, 2012 | Respectfully submitted, |
| | s/ Mark D. Temple |
| | Mark D. Temple<br>Attorney-in-Charge<br>Texas State Bar No. 00794727<br>S.D. Texas Bar No. 19552<br>717 Texas, Suite 3300<br>Houston, Texas 77002<br>Telephone: (832) 239-3741<br>Facsimile: (832) 239-3600<br>mdtemple@jonesday.com |

Of Counsel:

Michael J. Gray (admitted *pro hac vice*)
JONES DAY
77 West Wacker Drive
Suite 3500
Chicago, Illinois 60601
Telephone: (312) 782-3939
Facsimile: (312) 782-8585
mjgray@jonesday.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing was served on counsel for Plaintiff, as listed below, via the Court's CM/ECF system, on January 23, 2012.

                              Galvin B. Kennedy
                              Kennedy Hodges, L.L.P.
                              711 W. Alabama St.
                              Houston, Texas 77006
                              Telephone: (713) 523-0001
                              Facsimile: (713) 523-1116


                              /s/ Mark D. Temple
                              Mark D. Temple